IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEY RAY EDWARDS, | ) | CASE NO. 7:19CV00665 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| TIMOTHY TRENT, ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondents. | ) | |

Petitioner, Josey Ray Edwards, a state detainee proceeding pro se, has filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, claiming that he is being denied his constitutional right to a speedy trial. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies.

According to state court records available online, Edwards has criminal charges pending against him in the Lynchburg Circuit Court. He alleges that he and his attorney were prepared for a jury trial on August 28, 2019. At the start of the proceeding, the Commonwealth's Attorney testified that although he had submitted paperwork to schedule a jury trial, the clerk had scheduled a bench trial instead. The trial judge advised Edwards that he could choose to proceed with a bench trial on August 28, 2019, or wait until a jury trial could be scheduled. Edwards demanded "a jury trial within [his] speedy trial time." Pet. 7, ECF No. 1. Instead, the state court scheduled his jury trial for December 30, 2019, nine months after the offense conduct. In this § 2241 petition, Edwards asks this court to order that the charges against him be dismissed, based on the violation of his constitutional right to a speedy trial.

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court" may seek relief under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(a). A pretrial detainee, like

Edwards, is not "in custody" pursuant to a state court judgment, so § 2254 relief is unavailable. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987).

> Rather, a pre-trial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (section 2241 applies to individuals placed in state pre-trial detention).
>
> . . . . Although section 2241 contains no express reference to exhaustion of state remedies, as does section 2254, courts have held that exhaustion is necessary prior to filing a section 2241 petition. See e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-491 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Ballenger v. Crawford, No. 3:15-CV-09126, 2018 WL 1971018, at *1 (S.D.W. Va. Apr. 5, 2018), report and recommendation adopted, No. CV 3:15-9126, 2018 WL 1953024 (S.D.W. Va. Apr. 24, 2018). In Moore, the court concluded that the federal court should dismiss the detainee's § 2241 petition raising a pre-trial claim of denial of a speedy trial, because the claim could be raised at trial and on direct appeal in the state courts. Hence, the petitioner had not exhausted available state court remedies. 515 F.2d at 443.

Edwards states on the face of his § 2241 petition that he has not filed any other court action or petition regarding his speedy trial claim, and state court records online verify this statement. Edwards clearly has available state court remedies, however. He can present the issue to the trial court before the trial date and appeal any adverse decision. He may also be able to pursue the claim in a petition for a writ of habeas corpus in the trial court, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code Ann. § 8.01-654(A)(1); id.

2

§ 17.1-406(B). In the alternative, he may file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route Edwards follows in exhausting state court habeas remedies, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them in a federal petition. Because he has not yet exhausted state court remedies, this court will summarily dismiss this § 2241 petition without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

**ENTER:** This 3rd day of October, 2019.

                                                  /s/ Conrad
                                          Senior United States District Judge